PER CURIAM.
When the defendant’s wife told her nine-year-old son, of a prior marriage, that she was going to divorce the defendant because the defendant “was a bad man”, the defendant’s stepson agreed and told his mother that the defendant had, some four years earlier, committed sexual abuse on the stepson. The child was interviewed by the usual detectives and child abuse prevention *849 personnel, interviewed on video tape, and examined by a pediatrician.
Based on the child’s statements, the defendant was charged in Count I with capital sexual battery relating to anal sexual penetration, and in Count II with capital sexual battery by oral sexual abuse. Prior to trial, the child had asserted a completed act of oral sexual abuse and that assertion was contained in three separate hearsay statements.[1]
During the trial, the State asked the child witness a direct but leading question relating to the completed act of oral sex which the child had previously and repeatedly asserted. Defense counsel objected to the question as being leading and at a bench-side conference, the prosecutor advised defense counsel and the judge that defense counsel would want the leading question answered because two days prior to trial, the prosecutor had learned that the child witness had recanted his prior statements in this particular, explaining that he, the witness, was confused and when he had earlier claimed that the defendant engaged in oral sex with him, “it wasn’t true; I wasn’t meaning to lie, but I just accidently said that”. Count II was subsequently reduced to allege attempted capital sexual battery.
The defendant testified and denied any sexual battery of the child. The jury became deadlocked but after an Allen charge, returned a verdict finding the defendant guilty as charged. The defendant was sentenced to life imprisonment (with a 25 year minimum mandatory) on Count I and a concurrent life sentence on Count II.
On appeal the State defends the convictions but concedes that the judgment incorrectly describes the attempted sexual battery offense in Count II as a capital felony and that that count was properly a first degree felony (§§ 794.011(2), 777.04(4)(a), Fla.Stat.), the statutory maximum sentence for which is a term of imprisonment not to exceed 30 years (§ 775.082(3)(b), Fla.Stat.).
However, we hold that the State’s presentation of the child’s videotaped statement and the reinforcing introduction of repetitive hearsay with knowledge by the State, but not by the trial judge or defense counsel, that the child had recanted a critical portion of his statement prior to trial, violated the defendant’s due process rights[2] and deprived him of a fair trial as to both charges. Therefore, the convictions are reversed and the cause remanded for a new trial.
• REVERSED; CAUSE REMANDED FOR NEW TRIAL.
DAUKSCH, COWART and DIAMANTIS, JJ., concur.

. The child’s statement to his mother, the child’s statement to Detective French, and the video tape of the child’s statement to psychologist Boychuk.

. Section 90.803(23), Florida Statutes, authorizes the use of the hearsay statement of a child victim under certain circumstances but that statutory authorization is prefaced with the exclusionary phrase that states in part, “unless the source of information ... relates a lack of trustworthiness”. Certainly “the source of information” in this case — the child victim — indicated "a lack of trustworthiness" as to the child’s statement relating to a completed act of oral sexual abuse after the child had recanted that testimony. The defense counsel and the trial judge were entitled to learn from the State of the child’s change of testimony as to this important point, in connection with the court’s determination of the admissibility of the hearsay statements and admitting this evidence and allowing the jury to consider the hearsay statements of the child. The State’s failure to inform the defense of this important change in the State’s essential and only non-hearsay witness deprived defense counsel from asserting that particular evidence of untrustworthiness as an argument to exclude hearsay statements under the statute and deprived the trial judge of an opportunity to consider that fact in making the pre-trial ruling as to the admissibility of the hearsay statements under the limited circumstances permitted by the statute. We observe that given the particular circumstances under which the child’s out-of-court statements were made and the evidence at trial bearing on the child’s reputation for truthfulness, as well as the conflicting evidence of medical experts as to physical evidence of sexual abuse, the State’s omission was highly prejudicial to the defense.